UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

HARRY L. ENGLISH, JR.,

      Plaintiff,

   *vs.*                                CAUSE NO.  1:11-cv-244-DKL-RLY

CAROLYN W. COLVIN, Commissioner of
Social Security,

      Defendant.

**ENTRY**

***Application for Attorney Fees under the Equal Access to Justice Act* [doc. 33]**

Plaintiff Harry L. English, Jr. moves for an award of $6,618.55 of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Application for Attorney's Fees under the Equal Access to Justice Act* [doc. 33] ("*Application*").  The defendant Commissioner of Social Security opposes the motion.  For the reasons explained herein, the Court denies Mr. English's motion, without prejudice to refiling.

"[A] court shall award to a prevailing party . . . fees and and other expenses . . . in any civil action . . . , including proceedings for judicial review of agency action, brought . . . against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  A party's application must include "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed."  § 2412(d)(1)(B).  Attorney's fees "shall be based upon prevailing market

1

rates" and "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. §2412(d)(2)(A).  "Courts should generally award the inflation-adjusted rate according to the CPI [consumer price index] using  the date on which the legal services were performed."  *Sprinkle v. Colvin*, 777 F. 3d 421, 428  (7th Cir. 2015).  In addition, movants must produce evidence that the cost-of-living increase in the statutory rate is justified in the relevant market by showing that the increased rate is "in line with those prevailing in the community for similar services by lawyers of comparable skill and experience," *i.e.*, the prevailing market rate.  *Id.*  This showing can be made by affidavits, and even by a single affidavit by a plaintiff's attorney setting forth the prevailing market rate.  *Id.*, at 428-29.

Plaintiff's counsel submits his affidavit in support of Plaintiff's application for fees. *Application*, Exhibit A, *Affidavit Regarding Application for Attorney Fees under the Equal Access to Justice Act* [doc. 33-1] ("*Affidavit*").  In it, he itemizes 36.875 hours of legal services representing Mr. English, from preparing and filing the complaint in February, 2011, through preparing and filing the present EAJA fee application in November, 2012. Counsel increased the $125 statutory hourly rate by using the Bureau of Labor Statistics' CPI Inflation Calculator:  $179.21 for 2011 and $183.09 for 2012.[1]  U. S. Dept. of Labor,

---

[1] The CPI Inflation Calculator now produces an average value of $182.91 for 2012.  The difference is likely due to the fact that counsel's affidavit was filed in November 2012, before the annual index had been determined.  For a current year, the Calculator provides the latest monthly index value.  U. S. Dept.

Bur. of Labor Statistics, CPI Inflation Calculator, http://www.bls.gov/data/inflation_calculator.htm (last visited Aug. 27, 2015); *Affidavit*, at 2. The *Affidavit* then avers that the hours and fees requested "are reasonable because they are comparable to those approved in other cases" in this Court. *Affidavit*, at 3. There follow citations to twelve decisions of this Court — seven in 2011, five in 2012 — which counsel asserts approved comparable hours and rates in Social Security disability cases. The total hours approved range from 28.375 to 41.50 (five decisions do not identify the hours at issue). *Id.*, at 3-4. Seven of the twelve fee awards were in cases litigated by present counsel.

Attached to the *Application* is an assignment by Mr. English to his counsel of any EAJA fees that the Court awards, *Application*, Exhibit B, *Attorney Fee Agreement for Cases in Federal Court* [doc. 33-2] ("*Assignment*"), at 2, and the attached proposed order awards fees directly to counsel, [doc. 33-3]. In the reply, Plaintiff's counsel asks that any fee award be paid directly to him, pursuant to the *Assignment*. (*Plaintiff's Response in Reply to Defendants' Objection to Application for EAJA Attorney Fee* [doc. 38] ("*Reply*"), at 4-5.)

The Commissioner opposes the *Application* on several grounds. She does not argue that her decision was substantially justified.

**1. Failure to itemize time actually expended.** The Commissioner argues that a special circumstance makes an award unjust in this case because "it is not clear that his

---

of Labor, Bur. of Labor Statistics, CPI Inflation Calculator, http://www.bls.gov/data/ inflation_calculator.htm (select "About this calculator" link) (last visited Aug. 27, 2015).

counsel has submitted contemporaneous time records representing the time he actually expended on the case." (*Defendant's Opposition to Plaintiff's Application for Fees under EAJA* [doc. 37] ("*Response*"), at 2.)   As noted above, the EAJA requires that an application include an "itemized statement" stating "the *actual time* expended".   28 U.S.C. § 2412(d)(1)(B) (emphasis added).   The EAJA does not require that applicants submit their attorneys' contemporaneous time records; it requires only an itemized statement.

But that itemized statement must show counsels' *actual* time expended on the case — not estimated time, average time (over the general run of counsel's disability cases), or, even, reasonable time.   The *Application* asserts that counsel's affidavit "detail[s] the amount of time spent on this case," *Application*, at 2, and counsel's affidavit avers that the itemization is "an accounting of hours spent representing the plaintiff", *Affidavit*, at 1, and represent the "hours expended" on the case, *id.*, at 2, 3.   The Commissioner contends that the Court should have the same lack of confidence in counsel's current affidavit that it has had in his previous affidavits.   She cites *Williams v. Astrue*, No. 1:09-cv-1577-DML-RLY, *Entry on Motion for Attorney's Fees* [doc. 38], 2011 WL 25332905 (S.D. Ind., June 24, 2011), which denied present counsel's application for EAJA fees because the previous eighteen-month pattern of counsel's virtually identical itemizations of hours led the Court to conclude that he

> has not tracked and reported the actual time he expends in prosecuting cases seeking judicial review of the Commissioner's decisions denying disability claims. Instead, it appears that Mr. Mulvany has decided that certain legal tasks have specific hourly "worth" no matter the case, no matter the issues, no matter the arguments, no matter the complexity — and *no matter the actual time expended*, as required by the EAJA.

4

> \*      \*      \*
>
> Needless to say, this pattern calls into serious doubt the veracity of Mr.
> Mulvany's affidavit attesting to the time he expended on legal services
> representing Ms. Williams.

*Id.*, 2011 WL 2532905, at \*3-4.  The Court then concluded that counsel's application for

fees did not comply with the EAJA's requirement to file a statement reflecting the actual

time expended and that the deficiency was a "special circumstance" making an award

unjust.  *Id.*, at \*1 and \*5.

The Commissioner argues that counsel's fourteen EAJA filings from May 2012

through November 2012—about a year after *Williams* was issued—demonstrate the same

pattern of virtually identical statements of hours.  For the eight fee applications counsel

filed between May and October 2012, the hours that counsel reported he expended on the

complaint, the opening brief, reviewing Commissioner's response, the reply brief,

reviewing the Court's entry, and the EAJA application were identical, except for one

instance where he claimed 14 hours for preparing and filing a reply brief, rather than the

15 hours reported in his other applications.  (*Response*, at 4-5.)  For the six applications

filed between November 23 and 27, 2012, in fully-briefed and contested cases, counsel's

reported hours were again virtually identical, except for an increase from 12 to 13 hours

reported for his opening brief in two applications, and an increase from 15 to 16 hours

for his reply brief in two applications.[2]  (*Id.*, at 5-6.)  The Commissioner contends that this

---

[2] Overall, in these later six applications, counsel increased his opening-brief hours from the 10 hours in the first eight cases to 12 and 13 hours.  He maintained the same hours for all other tasks, except for the two instances of increase from 15 to 16 hours for his reply brief.

is the same suspicious pattern observed in *Williams* and argues that the Court should come to the same conclusion that it came to in *Williams*:   counsel is not providing a statement of the actual hours that he expended in this case.

In his *Reply*, counsel quotes the response he states that he makes to the same argument made by the Commissioner against all of counsel's fee applications since *Williams*:  the numbers of hours that he reports are reasonable and should not be reduced because they are "in accord with" the hours approved by other courts in this Circuit. (*Reply*, at 1.)  He then states that "[a]ll of the defendant's opposing arguments were carefully considered and rejected" by the Court in *Brown v. Astrue*, No. 1: 11-cv-1000-MJD-JMS [doc. 37], *Entry on Motion for Attorney's Fees*, 2012 WL 4845642 (S.D. Ind., Oct. 11, 2012), and he quotes extensively from the decision's rationale.  But the *Brown* decision did not find that counsel had itemized his actual hours in that case.  Rather, it rejected counsel's post-*Williams* virtually identical fee applications as a reason to question or distrust the hours claimed, and found "nothing inherently unreasonable" in the hours themselves.

Counsel's averments in his *Affidavit* in this case are identical to the ones that he made in *Williams* and in *Brown* and, presumably, in all or most of his affidavits.  It would have been an easy matter for counsel specifically to have averred, after *Williams*, that the hours he has itemized represent *actual* hours that he worked and to have supported that averment with contemporaneous time records, but he did not.  As it is, the pattern of uniform hours that he has asserted for every major task in the series of applications cited

6

by the Commissioner support the same inference that the Court drew in *Williams*: "that Mr. Mulvany has not tracked and reported the actual time he expends . . . Instead, it appears that Mr. Mulvany has decided that certain legal tasks have specific hourly 'worth,' no matter the case, no matter the issues, no matter the arguments, no matter the complexity — and *no matter the actual time expended*, as required by the EAJA." *Williams*, at *3. In his *Reply*, Counsel did not contest this inference with his own denial of the accuracy of the inference or assert that he does not estimate his hours or submit "standard" hours based on his judgment of the tasks' worth. Counsel's reliance solely on *Brown*, without making his own arguments and representations, is insufficient. His failure to directly address the finding of *Williams* and his continued pattern of virtually identical itemizations after *Williams* and the natural inference therefrom, fails to counter those inferences or the Commissioner's arguments. *Brown* determined only to not subject counsel's hours to special scrutiny based on *Williams* and it found only that counsel's hours were not "inherently unreasonable."

In this case, the Court draws the same inference from counsel's post-*Williams* pattern of hours itemizations that *Williams* drew and it similarly has no confidence that counsel's itemized hours in this case constitute actual hours spent litigating it. Therefore, Plaintiff's application is denied. However, it is denied without prejudice. Counsel may file a new application for fees that is supported with counsel's contemporaneous time records for the work performed and a new affidavit that acknowledges the findings of *Williams* and clearly states that the hours itemized are hours actually worked by counsel

7

on each task — not estimates, averages, reasonable hours, or any other measure of hours other than actual work performed on each itemized task.[3]

The Commissioner's other arguments are addressed in the event that Mr. English refiles an application for EAJA fees.

**2. Enhanced hourly rates are not justified.**  The Commissioner argues that Mr. English has not provided evidence of the Consumer Price Index by which he enhanced the statutory rate.  However, as noted above, counsel's affidavit cites to the online Consumer Price Index maintained by the Bureau of Labor Statistics, and the Court confirmed the cited rates.  The Court concludes that the affidavit's citation is sufficient evidence of the CPI enhancements.

**3. Unreasonable numbers of hours.**  The Commissioner argues that Mr. English has not shown that the hours he requests for each task are reasonable.  The only basis that Mr. English's counsel's affidavit provides for the reasonableness of his itemized hours is citations to other decisions that approved similar hours, but the Commissioner's argument is correct that a bare comparison of award totals fails to establish reasonableness in a particular case because it fails to address the factors of, *inter alia*, complexity, number and types of issues, and size of the record, which are the determinants of the reasonableness of hours spent on particular tasks in a particular case.

---

[3] This ruling moots the Commissioner's second argument that, as an alternative to denying the application, the Court should, in its discretion, reduce the hours requested.

*Smith v. Astrue*, No. 1:09-cv-1165-DML-JMS, *Order on Motion for Attorneys' Fees* [doc. 48],
2011 WL 2064843 (S.D. Ind., May 25, 2011); *Wall v. Astrue*, No. 1:05-cv-1221-SEB-JMS,
*Entry Discussing Application for Attorney Fees under Equal Access to Justice Act* [doc. 51], at
3, 2009 WL 940311, at *2 (S.D. Ind., April 3, 2009). *See Tchemkou v. Mukasey*, 517 F.3d 506,
511 (7th Cir. 2008).

The Commissioner argues that some of Mr. English's counsel's hours are excessive
because the issues were not complex, the medical evidence was not large, and certain
tasks did not warrant the amount of time expended. Her arguments might have merit.
However, the Court has concluded that Mr. English's counsel has not shown that he has
itemized the actual hours that he expended on this case. Therefore, the Commissioner's
arguments regarding specific hours on specific tasks will await any re-application for an
award of fees.

**4.  Payment to counsel, rather than Plaintiff.**  The Commissioner argues that any
fees should be awarded to Mr. English, not his counsel, despite Mr. English's specific
assignment of EAJA fees to his counsel, [doc. 33-2].  The Court agrees with the
Commissioner that the statutory text awards fees to prevailing parties, not their
attorneys, and that the awards are subject to offsets for parties' debts to the government.
28 U.S.C. § 2412(d)(1)(A) and (d)(2)(H); *Astrue v. Ratliff*, 560 U.S. 586, 591-98 (2010).  A
government agency may pay an award directly to a prevailing party's attorney under the
EAJA only after the government determines that there are no pre-existing debts to offset
and that there is a valid assignment to the attorney. *Ratliff*, *supra*. The Department of the

Treasury, not the Commissioner, determines whether a payment from the government is subject to offset, and it does so at the time a payment or award is allowed.  In addition, the Anti-assignment Act, 31 U.S.C. § 3727(b), provides that an assignment of any payment owed by the federal government may be made "only after a claim is allowed [and] the amount of the claim is decided."

Therefore, any award of EAJA fees in this case will be awarded to Mr. English, not his counsel.  The Commissioner will then undertake the regular process of determining whether, at that time, Mr. English has any debts owed to the federal government that must be offset against the award of fees.  The Commissioner shall then determine whether to pay any remaining award to Mr. English's counsel, according to the purported assignment.

Plaintiff's *Application for Attorney Fees under the Equal Access to Justice Act* [doc. 33] is **DENIED**.

**DONE this date:**   09/08/2015

*Denise K. LaRue*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.

10